# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MIKE BLAKELEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07-0033-CV-W-DW |
| | ) |
| WESTFALL O'DELL MOTORS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Defendants filed their Joint Notice of Removal in the above-captioned action on January 12, 2007 (Doc. 1). On January 31, 2007, Plaintiff filed his Motion to Remand to State Court. (Doc. 6). For the following reasons, the Court finds that removal to federal court is improper and remands the case to state court.

Defendants contend that Plaintiff's Petition states claims arising under federal law and the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, federal question jurisdiction, and 1441(a). A federal question is raised in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Lundeen v. Canadian Pac. Ry. Co., 447 F.3d 606, 611 (8th Cir. 2006)

The Court has carefully reviewed the State Court Petition (Exhibit B to Doc. 1) and disagrees with Defendants' contention. The Petition does not enumerate separate counts for state and federal claims based on the same allegedly discriminatory conduct. The Petition only twice mentions Defendants' alleged conduct violating federal statutes (Petition ¶¶ 37 and 44), while the Petition makes frequent reference the Missouri Human Rights Act ("MHRA") as a basis for the

claims therein (Petition ¶¶ 2, 4, 34 - 38, and 42 - 45).

Federal law is not a necessary element of the two claims stated in the Petition and Plaintiff had no need to, and did not, rely on any violation of the Americans with Disability Act (ADA) nor the Age Discrimination in Employment Act (ADEA) to state his claims. In context, Plaintiff's mention of federal law does not allege separate causes of action under either the ADA or the ADEA. This conclusion is bolstered by the fact that the Petition explicitly identifies specific provisions of the MHRA and does not even mention the ADA or ADEA, let alone identify specific provisions within those acts. The Court does not read the inclusion of the "comparable federal statutes" language in the Petition to convert the express state law claims into federal law claims.

Therefore, lacking subject matter jurisdiction, the Court GRANTS Plaintiff's Motion to Remand to State Court (Doc. 6) and ORDERS this action to be REMANDED to the Circuit Court of Clay County, Missouri.

Date: February 26, 2007 /s/ DEAN WHIPPLE
Dean Whipple
United States District Court